Michael Pietruszka, Esq. Counsel, Buffalo Municipal Housing Authority
You have requested an opinion as to the geographical area of employment, for purposes of arrests without a warrant, of a peace officer employed by the Buffalo Municipal Housing Authority.
The Buffalo Municipal Housing Authority has been established as a public corporation constituting a corporate governmental agency (Public Housing Law, §§ 404, 3 [2]). The Criminal Procedure Law establishes a comprehensive list of peace officers in the State and includes as peace officers uniformed housing guards of the Buffalo Housing Authority (Criminal Procedure Law, § 2.10 [17]). Section 140.25 of that law authorizes arrests without a warrant by peace officers and defines the limits of this authority. A factor in determining the extent of a peace officer's authority is the determination whether at the time of the arrest the peace officer is within the geographical area of his employment (id., § 140.25). The "geographical area of employment" of a peace officer for purposes of making arrests without a warrant is as follows:
 "(a) The `geographical area of employment' of any peace officer employed as such by any agency of the state consists of the entire state;
 "(b) The `geographical area of employment' of any peace officer employed as such by an agency of a county, city, town or village consists of (i) such county, city, town or village, as the case may be, and (ii) any other place where he is, at a particular time, acting in the course of his particular duties or employment;
 "(c) The `geographical area of employment' of any peace officer employed as such by any private organization consists of any place in the state where he is, at a particular time, acting in the course of his particular duties or employment" (id., § 140.25 [5]).
A municipal housing authority does not neatly fit into any of the above definitions. A housing authority is a public corporation which has been established as an entity separate from the State (see Public Housing Law, § 3 [2]). The Public Housing Law specifically states that a housing authority is not a county or municipal corporation (ibid.). Finally, a housing authority by definition is public, rather than private in nature (ibid.).
Your specific concern is whether a peace officer employed by the Buffalo Housing Authority is within his "geographical area of employment" when in transit between the Authority's housing developments in the City of Buffalo. The territorial jurisdiction of a housing authority established for a city is coterminus with the territorial limits of the city (Public Housing Law, § 31). Under this provision, it seems clear that a housing authority peace officer, when in transit within the city to an authority housing development, is within the geographical area of his employment. The peace officer would also fall within the geographical area of employment established by section 140.25 (5) (b) of the Criminal Procedure Law, the provision determining the area of employment of a peace officer employed by a locality. While this provision does not include housing authorities, it is, along with section 31 of the Public Housing Law, an indication that the housing authority's peace officers when in transit between housing developments are within their geographical area of employment for purposes of determining their powers to make arrests without a warrant.
We conclude that a peace officer employed by the Buffalo Municipal Housing Authority is within his geographical area of employment when in transit between housing developments of the authority.